# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 21-cr-93 (JRT/TNL) |
| Plaintiff, | |
| v. | **PROTECTIVE ORDER** |
| Robbin Allen Thomas, | |
| Defendant. | |

This matter comes before the Court on the Government's Motion for Protective Order (ECF No. 31). The proposed protective order would limit the disclosure of body-worn camera ("BWC") and squad camera footage in this case. (*See id.*)

The Government indicates that limiting the disclosure of such video footage will help protect against the disclosure of personally identifying information ("PII") and other sensitive information of witnesses, defendants, fellow officers, and/or members of the public who interact with the police during the course of a recording. (*See id.* at 3, 6.) It further provides that PII and other sensitive information is "frequently" found on BWC and squad camera videos, especially because law enforcement policies encourage officers to begin recording BWC videos at the "earliest opportunity" and because squad videos generally activate at the start of a traffic stop and "remain running for the entire duration and significant aftermath of the stop." (*Id.* at 3.) The Government also notes that "disclosing recordings may threaten the safety of officers who work undercover operations, confidential informants, and/or potential witnesses who are captured on the recordings."

(*Id.* at 4 (citing *United States v. Pelton*, 578 F.2d 701, 707 (8th Cir. 1978).)   The Government argues further that, due to the high volume of footage created by multiple officers responding to a particular event, it would be overly burdensome to review and scrub PII from such video recordings.  (ECF No. 31 at 4-5.)  The Government therefore has moved for an order "protecting the distribution of law enforcement [BWC] footage and squad camera footage relevant to this case."  (*Id.* at 1.)

The Federal Rules of Criminal Procedure permit this Court, upon a showing of good cause, to issue a protective order restricting or denying discovery or inspection in any manner.  Fed. R. Crim. P. 16(d)(1).  "The burden of showing good cause is on the party seeking the order."  *United States v. Cordova*, 806 F.3d 1085, 1090 (D.C. Cir. 2015) (citation and internal quotation marks omitted).  The Court may consider any number of factors in determining whether good cause exists, including the safety of witnesses and the "danger of perjury or witness intimidation[.]"  *Id.*  "[O]nce a showing of good cause has been made, the court has relatively unconstrained discretion to fashion an appropriate protective order."  *United States v. Johnson*, 314 F. Supp. 3d 248, 251 (D.D.C. 2018).  This includes the authority to "place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect."  *Alderman v. United States*, 394 U.S. 165, 185 (1969).  The Court may not, however, issue a protective order that would prejudice a defendant's substantial rights.  *Pelton*, 578 F.2d at 707.

The Government has shown good cause for a protective order in this case.  There is a significant possibility that a witness, third person, member of law enforcement,

2

confidential informant, and/or the Defendant could suffer harm if that individual's PII is freely disseminated.  The Court finds that the terms of the proposed protective order would expedite the flow of discovery of BWC and squad camera recordings between the parties and would adequately protect PII and other sensitive information.  Furthermore, Defendant does not object to the entry of the proposed protective order.  (ECF No. 31 at 1-2.)  Nor does he argue that such an order would prejudice his substantial rights.

**THEREFORE, IT IS HEREBY ORDERED** that the Government's Motion for Protective Order (ECF No. 31) is **GRANTED**.  The Court, pursuant to its authority under Fed. R. Crim. P. 16(d)(1), further **ORDERS** as follows:

1. <u>Limitations on Use:</u> All body-worn camera and squad camera materials provided by the Government in preparation for, or in connection with, any stage of this case are subject to this Protective Order.  Subject to the limitations contained in this Order, these materials may be used by the Defendant and the legal defense team solely in connection with the defense of this case, and any appeal, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

2. <u>Legal Defense Team:</u>  The legal defense team includes defense counsel (defined as counsel of record in this case, including any subsequent post-trial or appellate counsel); the defense counsel's immediate supervisor; and investigators, paralegals, or support staff members who are working under the direction of the defense counsel.  The legal defense team shall not include the Defendant, the Defendant's family members, or friends or known associates of the Defendant.

3

3.     Limitation on Disclosure beyond the Legal Defense Team:   Except as provided by this Order, the legal defense team shall not disclose the body-worn camera materials, squad camera materials, or their contents directly or indirectly to any person, entity, or public forum other than members of the legal defense team.   Subject to the limitations described below, defense counsel may authorize the viewing of the materials by (1) the Defendant; and (2) other persons to whom this Court may authorize disclosure (collectively, "court-authorized persons").   Body-worn camera and squad camera materials shall not be given to the Defendant in this case for him to retain.   Body-worn camera and squad camera recordings may be shown to the Defendant, but must remain in defense counsel's possession and control at all times.   Recordings may not be left with the Defendant, but must be removed by defense counsel when counsel leaves or is not in the presence of Defendant.

4.     Limitations on Copying Body-worn Camera and Squad Camera Materials: The legal defense team may make copies or electronically reproduce the body-worn camera and squad camera materials as deemed necessary by defense counsel for use in connection with this case.   The legal defense team shall not provide a copy, screenshot, or electronic reproduction of the materials to any court-authorized person, including the Defendant.   If defense counsel authorizes the materials to be viewed by the Defendant or any court-authorized person, defense counsel shall ensure that the Defendant or such court-authorized person does not photograph, take screenshots, or otherwise duplicate the materials. Defense counsel shall maintain body-worn camera and squad camera materials, including physical or electronic copies, in a secured environment that limits access to members of

4

the legal defense team.  Any copies and reproductions authorized by defense counsel shall be treated in the same manner as the original materials.

5.      <u>Notification Regarding this Order</u>:  Defense counsel must provide members of the legal defense team, the Defendant, and any other court-authorized person with a copy of this Order before providing them access to, permitting them to view, or advising them of the contents of body-worn camera or squad camera materials.  Such persons must read this Order and sign Attachment A, certifying that he or she understands and agrees that he or she is bound not to disclose the personally identifiable information or sensitive information contained in the materials to any person who is not a member of the legal defense team or a court-authorized person.  Defense counsel shall provide counsel for the Government with a copy of all signed certifications.

6.      <u>Disposition Following the Conclusion of this Criminal Case</u>:  Following a dismissal or acquittal in this case, defense counsel shall destroy, or return to the Government, all body-worn camera and squad camera materials.  Following a conviction in this case, defense counsel may retain a copy of the materials in this case only if defense counsel stores the materials in a secure electronic or physical environment that limits access to such materials to the legal defense team for its use in this case.  Nothing in this Order prevents the Government from seeking a court order to further restrict the retention of body-worn camera and squad camera materials following resolution in the case.

7.      <u>Violations of this Order</u>:  The disclosure, dissemination, use or retention of body-worn camera or squad camera materials contrary to this Order shall be deemed a violation of this Order subjecting the Defendant, attorneys, or other person to sanctions.

5

8.     Exclusions from this Order:  The restrictions set forth in this Order do not apply to body-worn camera or squad camera materials that are, or later become, part of the public record, including materials that have been received in evidence in this or other public hearings or trials.  Further, the restrictions in this Order are not intended to limit the use of body-worn camera or squad camera materials in any judicial proceedings in this case, except as described herein.

9.     Limited Scope of this Order:  This Order does not constitute a ruling on the question of whether any particular body-worn camera or squad camera material is properly discoverable or admissible, and does not constitute a ruling on any potential objection to the admissibility or discoverability of the material.

10.     Modification:  Nothing in this Order shall be construed as a waiver or prevent any party from seeking modification of this Order, or from objecting to discovery that it believes to be otherwise improper.


Date: July  14 , 2021                              *s/Tony N. Leung*
                                                  Tony N. Leung
                                                  United States Magistrate Judge
                                                  District of Minnesota


                                                  *United States v. Thomas*
                                                  Case No. 21-cr-93 (JRT/TNL)

## <u>ATTACHMENT A:  CERTIFICATION</u>

By signing below, I, _____

*(please print legibly)*, hereby certify that I have read this Protective Order and agree to be

bound by its terms.


_____                    _____
Date                                                Signature