UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Court File No. CR-21-93 (JRT/TNL)

---

United States of America,
    Plaintiff,

v.

Robbin Allen Thomas,
    Defendant.

**Motion to Revoke Detention Order**

---

Robbin Allen Thomas has been charged by indictment with one count of possession with intent to distribute a controlled substance. The Government moved for detention, and a hearing was held on June 4, 2021 before Magistrate Judge Becky R. Thorson. The record at that hearing included a bond report prepared by Pretrial Services, a written motion submitted by the Government (Doc. 15) and a response by Mr. Thomas's court-appointed attorney (Doc. 16), along with the oral presentations by the Government and the court-appointed defense attorney. At the conclusion of the hearing, Magistrate Judge Thorson issued an oral order for detention. A written order was filed on June 14, 2021 (Doc. 19).

Pursuant to 18 U.S.C. § 3145(b), Mr. Thomas respectfully requests that the Court revoke the detention order, and order his release on conditions, including that he enter and comply with treatment at Minnesota Adult and Teen Challenge ("Teen Challenge"). He is also willing to submit to ankle bracelet location monitoring,

1

**Argument**

The Bail Reform Act creates a presumption of pretrial release unless "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(b), (c), (e). There is a rebuttable presumption that no condition or combination of conditions will be sufficient when the person is charged with a controlled substance offense with a maximum sentence of ten years or more. *Id.*, § 3142(e)(3)(A). When the presumption applies, the defendant has "a limited burden of production – not a burden of persuasion – to rebut that presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight." *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003) (quotation omitted). A detention order issued by a magistrate judge is subject to review *de novo*. *United States v. Maull*, 773 F.2d 1479, 1484-85 (8th Cir. 1985).

In this case, the magistrate judge found that Mr. Thomas did meet his burden of rebutting the presumption of detention, but that the Government nevertheless met its burden to show he should be detained both as a flight risk and as a danger to the community. With respect to risk of flight, the government has the burden of proving by a preponderance of the evidence that no condition or set of conditions will reasonably assure that the defendant will appear as required. *United States v. Kisling*, 334 F.3d 734, 735 (8th Cir. 2003) (quotation omitted). With respect to dangerousness, the

government has the burden of proving "by clear and convincing evidence that no release condition or set of conditions will reasonably assure the safety of the community." *Id.* (quotation and emphasis omitted).

Mr. Thomas has been accepted for inpatient treatment at Teen Challenge. As the Court is aware, Teen Challenge is an intensive program targeted toward individuals with significant addiction, including those who have not succeeded in other programs and those who are facing criminal charges. In addition to direct substance abuse care, Teen Challenge provides related services in house or through referrals, including mental health assessment and services, counseling, and employment-seeking assistance. The close supervision provided by Teen Challenge would ensure that Mr. Thomas does not have the opportunity to possess or distribute controlled substances. Any violations of the program's restrictive conditions would be promptly reported, permitting a swift response. Teen Challenge also provides transportation to and from court. Mr. Thomas is also willing to submit to ankle bracelet location monitoring to provide further reassurances.

It is true that Mr. Thomas is not a stranger to the criminal justice system. The Order correctly notes that, according to the bond report, he has multiple felony convictions from ages 18 to 25. He is now in his mid-40s. Setting aside minor traffic violations, his last criminal case was a misdemeanor which occurred fifteen years ago. Although he has apparently been involved in a number of traffic stops over the past

three years or so, it was not until February 2021 that any of those stops resulted in prosecutions beyond the alleged traffic violations.

It is also true that Mr. Thomas missed a state court hearing in April, resulting in the issuance of a bench warrant. His recollection is that he spent a significant portion of April sick with COVID and that his symptoms rendered him bedridden. He had a hospital visit in April.[1] Even following his release from the hospital, he reports that he remained significantly ill and subject to quarantine. Due to the severity of his illness, he was unable to deal with the warrant prior to his arrest on this federal case.

The past year living in pandemic conditions has been one of profound challenges. Unemployment and economic insecurity have skyrocketed, as have rates of substance abuse, social isolation, and mental health impacts. Clearly it has had its toll on Mr. Thomas. This is reflected in the sudden allegations of drug crimes after many years with no significant criminal allegations. It is reflected in his unemployment, which according to the bond report, dates to February 14, 2021. Mr. Thomas has the opportunity now to be in a rigorous, comprehensive, inpatient treatment program. Treatment is in his best interests, to be sure. But it is also in the interests of public safety. Those interests are best served by striking while the iron is hot – while such a demanding program is available and he is willing and can be ordered to participate in it.

---

[1] Mr. Thomas also experiences seizures. His hospital visit may have been in whole or in part due to seizures.

**Conclusion**

A condition that Mr. Thomas attend Minnesota Adult and Teen Challenge and comply with all program requirements and expectations would be sufficient to reasonably assure his continued appearance and the safety of the community. Ankle bracelet location monitoring would provide a further level of reassurances. Because such conditions exist, the Court should revoke the order for detention and instead issue a conditional release order.

                                                    Respectfully submitted,

Dated: July 26, 2021

                                                    /s/ F. Clayton Tyler
F. Clayton Tyler (11151X), fctyler@fctyler.com
F. Clayton Tyler, P.A.
331 Second Avenue South, Suite 230
Minneapolis, MN 55401
Ph: 612-333-7309
Attorney for Mr. Thomas