## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 21-cr-93 (JRT/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Robbin Allen Thomas, | |
| Defendant. | |

This matter comes before the Court on the parties' Joint Motion to Modify Protective Order (ECF No. 37).

On July 14, 2021, the Court entered a Protective Order, agreed to by the parties, which governed the discovery of all body-worn camera ("BWC") and squad camera materials in this case. (ECF No. 33; *see also* ECF No. 31 at 2 ("The parties have since conferred and defense counsel has indicated that he would like copies of the video footage and does not object to the Government's proposed protective order.")) The Protective Order does not limit Defendant from *viewing* the relevant materials, but does bar him from retaining copies of the materials. (*See* ECF No. 33 at 4 (stating that the materials "may be shown to the Defendant, but must remain in defense counsel's possession and control at all times. Recordings may not be left with the Defendant, but must be removed by defense counsel when counsel leaves or is not in the presence of Defendant.").)

Since the entry of the Protective Order, however, Defendant has since changed his mind and "has asserted, through counsel, that he does in fact want copies of the BWC and squad video footage to personally review at the jail." (ECF No. 37 at 1.)

The Government continues to have concerns regarding this BWC and squad video footage, namely "about confidential information captured in portions of the footage." (*Id.*) In an effort to "resolve this dispute, at least for the present time," however, the Government has created four video clips of BWC/squad video footage "which capture the key events surrounding the traffic stop and search of Mr. Thomas' vehicle," but cut off prior to when task force officers are on scene and before certain third-party civilians are captured on video. (*Id.* at 1-2.) The Government has named the files of the associated videos as follows:

   a. CLIP_Arcand BWC - traffic stop only.mp4
   b. CLIP_Fischer BWC - traffic stop only.mp4
   c. CLIP_Arcand Squad Cam - traffic stop only.mp4
   d. CLIP_Arcand Squad Cam - backseat.mp4

(*Id.* at 2.) Defense counsel has provided some assurance to the Government that the exclusion of these clips from the terms of the Protective Order should resolve any further disputes regarding the Protective Order until the conclusion of motion practice. (*See id.*) The parties jointly request the modification of the Protective Order to exclude the four clips listed above. (*Id.*) The Protective Order would "otherwise remain in effect for all other body-camera and squad camera footage produced in the case, absent further modification by the Court." (*Id.*)

As the Court has previously detailed, the Federal Rules of Criminal Procedure permit it to issue a protective order restricting or denying discovery or inspection in any manner so long as good cause is shown. (ECF No. 33 at 2 (citing Fed. R. Crim. P. 16(d)(1)).) The Court now finds good cause to amend the Protective Order pursuant to the parties' new agreement.

The Court encourages the parties to continue to meet and confer with the goal of resolving any further issues with the Protective Order and the sharing of BWC and squad camera video to avoid further piecemeal amendments to the Protective Order.

Therefore, based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Joint Motion to Modify Protective Order (ECF No. 37) is **GRANTED**.

2. The Protective Order (ECF No. 33) is hereby modified to exclude from its terms the following four BWC/squad video clips produced by the Government:

    a. CLIP_Arcand BWC - traffic stop only.mp4

    b. CLIP_Fischer BWC - traffic stop only.mp4

    c. CLIP_Arcand Squad Cam - traffic stop only.mp4

    d. CLIP_Arcand Squad Cam - backseat.mp4

3. The clips listed in Paragraph 2(a)-(d) above may be copied and disclosed to Defendant like ordinary discovery materials.

[continued on next page]

4. The terms of the Protective Order (ECF No. 33) otherwise remain in full force and effect, unless further modified by the Court.

Date: August  20 , 2021             *s/Tony N. Leung*
                                    Tony N. Leung
                                    United States Magistrate Judge
                                    District of Minnesota


                                    *United States v. Thomas*
                                    Case No. 21-cr-93 (JRT/TNL)