UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBBIN ALLAN THOMAS,<br><br>Defendant. | Crim. No. 21-093 (JRT/TNL)<br><br>MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO REVOKE DETENTION ORDER |

W. Anders Folk, Ruth Shnider, **UNITED STATES ATTORNEY'S OFFICE,** 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for plaintiff.

F. Clayton Tyler, **F. CLAYTON TYLER, PA** 331 Second Avenue South, Suite 230, Minneapolis, MN 55401, for defendant.

Defendant Robbin Allan Thomas asks the Court to reverse the Magistrate Judge's Order of Detention in the pretrial phase of a criminal case in which he has been charged with a felony drug crime. Thomas has been charged with one count of possession with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Thomas was not compliant with the conditions of his earlier release from custody. Because the United States has met its burden in showing that Thomas is both a flight risk and a danger to his community, the Court will deny Defendant's Motion to Revoke Detention Order.

I.   BACKGROUND

On February 19, 2021, Thomas was stopped by a sheriff's deputy whose search of Thomas' vehicle revealed a loaded and stolen handgun and approximately 7 pounds of methamphetamine. (Mot. for Detention, June 2, 2021, Docket No. 15.) Thomas was not immediately charged and was released from custody. (Gov't Resp. in Opp. To Def. Mot. to Revoke Detention Order, July 26, 2021, Docket No. 36.) Two weeks later, Thomas was arrested again, this time he was found with three pounds of methamphetamines. (*Id.* at 2.) He was charged with a drug felony and was bailed out of custody. (*Id.*) Thomas failed to appear for his court hearing on April 22, 2021 and officers were unable to locate him for over a month. (*Id.*) Thomas was finally located in late May of 2021 when he was found again with distributable amounts of both methamphetamine and heroin. (Mot. for Detention at 2–3.) Though apprehended, it took officers nearly twelve hours to identify Thomas as he persisted in providing officers with a false name; his real identity was only discovered after his girlfriend called the station to inquire after him. (*Id.*)

After Thomas was arrested in late May, the United States moved for Defendant's pretrial detention pursuant to 18 U.S.C. 3142(e)(1). A hearing was held on June 4, 2021. Magistrate Judge Tony Leung found that, notwithstanding the presumption of innocence, Thomas should be detained pending trial.

The Magistrate Judge found that while Thomas had rebutted the presumption of detention, applicable in this case, based on his ties to Minnesota and his need for drug

treatment, the United States had met its burden in showing that Thomas was both a flight risk and a danger to the community. (Order of Detention, June 14, 2021, Docket No. 19.)

Defendant asks the Court to revoke the detention order. (Mot. to Revoke Detention Order, July 26, 2021, Docket No. 35.)

**II.     STANDARD OF REVIEW**

A defendant may be detained pending trial if "after a hearing pursuant to the provisions of subsection (f) of this section, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C.§ 3142(e)(1).

Detention is appropriate where the United States proves by clear and convincing evidence that no condition or set of conditions will reasonably assure the safety of the community and by a preponderance of the evidence that no condition or set of conditions will assure defendant's appearance. *United States v. Abad,* 350 F.3d 793, 797 (8th Cir. 2003). In making this determination, the Court may consider: (1) the nature and circumstances of the crime; (2) the weight of evidence against the defendant; (3) the history and characteristics of the defendant, including past conduct, history of drug or alcohol abuse, criminal history, and record concerning appearances at court; and (4) the seriousness of the danger to the community or to an individual. 18 U.S.C. § 3142(g). In a presumption case, as this is, the defendant bears the limited burden of production to rebut the presumption that detention is appropriate by presenting some credible

evidence that the defendant does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797. Once this burden has been met, the presumption does not disappear but remains a factor to be considered among the factors weighed by the Court. *Id.*

When a defendant moves to revoke a detention order, the Court conducts a *de novo* review of the Magistrate Judge's decision and the record in the case. *United States v. Maull*, 773 F.2d 1479, 1484–85 (8th Cir. 1985). Based on its review, the Court will deny Thomas' motion.

### III.   DISCUSSION

As an initial matter, Thomas' motion is timely.[1]

The Court finds that Thomas has met his burden of production to rebut the presumption that he does not pose a danger to the community or a flight risk. The burden is not heavy, and Thomas has presented credible evidence that he has lived in Minnesota his entire life and that he is pursuing treatment. Other factors, however, weigh against granting Thomas' motion.

---

[1] The United States contends that Thomas' motion is untimely under Local Rule 72.2(a) because he did not file the motion within 14 days. Local Rule 72.2(a) provides that a party may file and serve objections to a Magistrate Judge's order on a non-dispositive matter but must do so within 14 days after being served with a copy of the order. Thomas did not file an objection to the Magistrate Judge's order. Rather, Thomas properly relied upon 18 U.S.C. § 3145(b) in bringing this motion. 18 U.S.C. 3145(b) states that "[i]f a person is ordered detained by a magistrate judge . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." As this Court has original jurisdiction, Thomas' motion is proper.

Thomas is charged with a serious crime involving drugs and weapons. The charge carries a mandatory 10-year term of imprisonment. There appears to be strong evidence, including DNA evidence, linking Thomas to the crime.

What is most concerning and weighs heavily in the Court's decision not to revoke the detention order is Thomas' history and characteristics, notably his past conduct, criminal record, and his failure to appear at prior court proceedings. While it is true that Thomas has not committed a serious criminal violation in many years, he has been found in the presence of drugs and weapons three separate times within a very short period. His recent conduct, failing to appear for his court date and providing a false name to police officers, indicates an unwillingness to comply with conditions of release or with law enforcement generally. Thomas states that he did not show up for his court date because, as he recalls, he was sick with COVID-19. Yet this evidence does not adequately explain why Thomas did not resolve the outstanding warrant after his illness abated or why he evaded law enforcement by giving them a false name when apprehended over a month later.

Thomas' pattern of noncompliance with the law and his dangerous association with both drugs and weapons outweigh the evidence that might suggest that he should be released. If he were released, the Court finds there is a risk that, based on his past conduct, he would re-engage in serious criminal conduct, evade any legal obligations to appear in court, and fail to comply with the conditions of his release.

The Court finds that the United States has shown by clear and convincing evidence that no condition or set of conditions will reasonably assure the safety of the community. Further, the United States has shown by a preponderance of the evidence that no condition or set of conditions will assure Thomas' appearance. Thus, the Court will deny Thomas' Motion to Revoke Detention Order.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the Defendant's Motion to Revoke Detention Order [Docket No. 35] is **DENIED.**

DATED:  August 25, 2021
at Minneapolis, Minnesota.

_____
JOHN R. TUNHEIM
Chief Judge
United States District Court