UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 21-cr-93 (JRT/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Robbin Allen Thomas, | |
| Defendant. | |

This matter comes before the Court on Defendant Robbin Allen Thomas's Motion for Continuance. (ECF No. 64.) Defendant has also filed a Statement of Facts in Support of Exclusion of Time Under the Speedy Trial Act. (ECF No. 66.)

Pretrial motions were set to be heard by the undersigned on October 12, 2021. (ECF No. 62.) On the morning of the hearing, Defendant requested a continuance on the basis that his counsel was "in quarantine due to close contact with an individual who tested positive for Covid-19." (ECF No. 64 at 1; *see also* ECF No. 66 at 1.) Defendant was aware that his counsel was in quarantine and could not attend an in person hearing on October 12. (ECF No. 66 at 1.)

Defendant's Statement of Facts in Support of Time Under the Speedy Trial Act is unclear and contradictory. He first writes that he does "not oppose excluding the period of time from October 12, 2021 until the rescheduled motions hearing date from the time in which I would otherwise have to be brought to trial on my case." (*Id.*) He then writes,

1

however, that "[a]s long as this does not affect my right to speedy trial, and I have the right to in person hearing we should be good." (*Id.* at 2.)

Additionally, beginning on March 13, 2020, and continuing thereafter, the Honorable John R. Tunheim, Chief District Judge for the United States District Court for the District of Minnesota, has issued a series of General Orders in connection with the COVID-19 pandemic, addressing, among other things, criminal proceedings and trials.[1] On September 3, 2021, Chief Judge Tunheim entered General Order No. 30, which allows limited in-person proceedings for defendants who decline to consent to conducting the proceeding using videoconferencing, or telephone conferencing if videoconferencing is not reasonably available. *See generally In re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*, Gen. Order No. 30 (D. Minn. Sept. 3, 2021). General Order No. 30 states that because only limited in-person proceedings may be held each day, criminal proceedings may be continued until the date that the criminal proceeding takes place.

General Order No. 30 continues to encourage the use of videoconferencing in criminal proceedings and states that, with the defendant's consent, criminal proceedings will be conducted by videoconferencing, or telephone conferencing if videoconferencing is not reasonably available.[2] General Order No. 30 further provides that the presiding judge

---

[1] All General Orders related to the COVID-19 pandemic may be found on the Court's website at https://www.mnd.uscourts.gov/coronavirus-covid-19-guidance.

[2] *See also* General Order No. 31, which went into effect on September 22, 2021, vacated General Order No. 29, and extended the Court's authorization to conduct certain criminal proceedings via video or telephone conference pursuant to the CARES Act "[b]ecause the emergency created by the COVID-19 outbreak continues to materially affect the functioning of court operations in the District of Minnesota." *In re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*, Gen. Order No. 31 (D. Minn. Sept. 16, 2021).

will enter orders in individual cases to extend deadlines and exclude time under the Speedy Trial Act to address delays attributable to COVID-19.

General Order No. 30, which is hereby incorporated by reference, was implemented based on: (1) the President declaring a national state of emergency in response to COVID-19 on March 13, 2020, and the President publishing formal notice in the Federal Register continuing the national emergency concerning the COVID-19 pandemic on February 26, 2021; (2) the COVID-19 restrictions imposed by local detention facilitates that impact the abilities of pretrial detainees to consult with legal counsel and appear in-person at a U.S. Courthouse; (3) the Bureau of Prisons imposing modified operations; (4) that Minnesota continues to be an area of risk for further COVID-19 spread and concerns about the increased transmissibility of strains of the COVID-19 virus; and (5) the interests of the health of courtroom participants and court staff, the constitutional rights of criminal defendants, the ability to conduct certain criminal proceedings via videoconference or telephone conference under the CARES Act, and the public's interest in and the Court's duty to ensure the effective and expeditious administration of justice. Specifically, Order No. 30 states the following concerning the Speedy Trial Act:

> If the proceeding must be continued, the Court finds that the time of the continuances implemented by this order will be excluded under the Speedy Trial Act, as the Court specifically finds that the ends of justice are served by ordering the continuances and outweigh the best interests of the public and of the criminal defendants under 18 U.S.C. § 3161(h)(7)(A). Absent further order of the Court or any individual judge, the period of exclusion shall be from March 17, 2020, or the date of the indictment, whichever is later, to the date that the criminal proceeding takes place. The Court may extend the period of exclusion as circumstances may warrant.

The Court previously inquired whether Defendant consented to conducting the criminal motions hearing using videoconferencing. (*See* ECF No. 14; ECF No. 28 at 2; ECF No. 34 at 2.) Defendant has indicated through counsel that he does not consent to videoconferencing for the criminal motions hearing. (ECF No. 50; ECF No. 64 at 1.) In his Statement of Facts in Support of Exclusion of Time Under the Speedy Trial Act, Defendant further reiterated his desire to have an in-person hearing, understanding that "in person hearings can be more difficult to schedule, and may not be available as soon as a Zoom hearing." (ECF No. 66 at 1.)

Defendant has remained consistent in his desire to have the motions hearing held in person as opposed to utilizing videoconferencing. His support for the exclusion of time under the Speedy Trial Act at this particular juncture, however, is ambiguous. This lack of clarity in Defendant's Statement of Facts in Support of Exclusion of Time Under the Speedy Trial Act notwithstanding, the Court would have needed to continue the hearing due to defense counsel's quarantine. The Court will therefore exclude the time to continue the criminal motions hearing from the Speedy Trial Act computations in this case due to the exigent circumstances of the COVID-19 pandemic and defense counsel's quarantine.[3]

**For the reasons addressed in General Order No. 30 and the well-documented concerns regarding COVID-19, consistent with the health and safety protocols of this Court and the facility in which Defendant is detained, and due to defense counsel**

---

[3] The Court also notes that this time is already tolled from Speedy Trial Act computations because pretrial motions have been filed in this case which will be heard by the undersigned. 18 U.S.C. § 3161(h)(1)(D).

**being in quarantine in connection with COVID-19 concerns, the criminal motions hearing scheduled for October 12, 2021 is continued and shall now take place before Magistrate Judge Tony N. Leung on November 4, 2021, at 1:00 p.m., in Courtroom 9W of the Diana E. Murphy U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN 55415.**

Pursuant to 18 U.S.C. § 3161(h), this Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and Defendant in a speedy trial and such continuance is necessary to allow for the appearance of defense counsel at an in person hearing.  Additionally, for the reasons addressed in General Order Nos. 30 and 31 and the well-documented concerns regarding COVID-19, the Court specifically finds that the ends of justice served by ordering this continuance outweigh the best interests of the public and Defendant's right to a speedy trial under 18 U.S.C. § 3161(h)(7)(A).  In addition, under 18 U.S.C. § 3161(h)(7)(B)(i), the Court finds that a miscarriage of justice would result if time were not excluded under these unique circumstances.

Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion for Continuance (ECF No. 64) is **GRANTED.**

2. The period of time from October 12 through November 4, 2021, shall be excluded from Speedy Trial Act computations in this case.

3. The criminal motions hearing is continued to **November 4, 2021**, at **1:00 p.m.**, in Courtroom 9W, Diana E. Murphy U.S. Courthouse, 300 South Fourth Street, **MINNEAPOLIS**, Minnesota.  D. Minn. LR 12.1(d).

4. **The trial date, and other related dates, will be rescheduled following the ruling on pretrial motions. Counsel must contact the Courtroom Deputy for Chief District Judge John R. Tunheim to confirm the new trial date.**

Dated: October  21 , 2021                             *s/Tony N. Leung*
                                                      TONY N. LEUNG
                                                      United States Magistrate Judge
                                                      District of Minnesota


                                                      *United States v. Thomas*
                                                      Case No. 21-cr-93 (JRT/TNL)