UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 21-cr-93 (JRT/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Robbin Allen Thomas, | |
| Defendant. | |

This matter comes before the Court on the parties' Joint Motion to Continue Motions Hearing to November 8. (ECF No. 68.) The Court recently granted Defendant's motion to continue and reset the criminal motions hearing to November 4, 2021. (ECF No. 67.) In the present motion, the parties request a continuance of the hearing to November 8 because counsel for both parties are scheduled to be in jury trials the week of November 1, "and thus may not be available for a hearing on November 4." (ECF No. 68 at 1.)

Additionally, beginning on March 13, 2020, and continuing thereafter, the Honorable John R. Tunheim, Chief District Judge for the United States District Court for the District of Minnesota, has issued a series of General Orders in connection with the COVID-19 pandemic, addressing, among other things, criminal proceedings and trials.[1] On September 3, 2021, Chief Judge Tunheim entered General Order No. 30, which allows limited in-person proceedings for defendants who decline to consent to conducting the

---

[1] All General Orders related to the COVID-19 pandemic may be found on the Court's website at https://www.mnd.uscourts.gov/coronavirus-covid-19-guidance.

1

proceeding using videoconferencing, or telephone conferencing if videoconferencing is not reasonably available. *See generally In re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*, Gen. Order No. 30 (D. Minn. Sept. 3, 2021). General Order No. 30 states that because only limited in-person proceedings may be held each day, criminal proceedings may be continued until the date that the criminal proceeding takes place.

General Order No. 30 continues to encourage the use of videoconferencing in criminal proceedings and states that, with the defendant's consent, criminal proceedings will be conducted by videoconferencing, or telephone conferencing if videoconferencing is not reasonably available.[2] General Order No. 30 further provides that the presiding judge will enter orders in individual cases to extend deadlines and exclude time under the Speedy Trial Act to address delays attributable to COVID-19.

The Court previously inquired whether Defendant consented to conducting the criminal motions hearing using videoconferencing. (*See* ECF No. 14; ECF No. 28 at 2; ECF No. 34 at 2.) Defendant has indicated through counsel that he does not consent to videoconferencing for the criminal motions hearing. (ECF No. 50; ECF No. 64 at 1.) Consistent with the health and safety protocols of this Court and the facility in which Defendant is detained, the criminal motions hearing is continued to **November 8, 2021**.

Therefore, pursuant to 18 U.S.C. § 3161(h), this Court finds that the ends of justice

---

[2] *See also* General Order No. 31, which went into effect on September 22, 2021, vacated General Order No. 29, and extended the Court's authorization to conduct certain criminal proceedings via video or telephone conference pursuant to the CARES Act "[b]ecause the emergency created by the COVID-19 outbreak continues to materially affect the functioning of court operations in the District of Minnesota." *In re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*, Gen. Order No. 31 (D. Minn. Sept. 16, 2021).

served by granting a continuance outweigh the best interests of the public and Defendant in a speedy trial and such continuance is necessary to allow for the appearance of counsel for both parties at an in person hearing.  Additionally, for the reasons addressed in General Order Nos. 30 and 31 and the well-documented concerns regarding COVID-19, the Court finds that the ends of justice served by ordering this continuance outweigh the best interests of the public and Defendant's right to a speedy trial under 18 U.S.C. § 3161(h)(7)(A).  The Court further finds that, pursuant to 18 U.S.C. § 3161(h)(7)(B)(i), a miscarriage of justice would result if time were not excluded under these unique circumstances.

Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The parties' Joint Motion to Continue Motions Hearing to November 8 (ECF No. 68) is **GRANTED.**

2. The period of time from October 22 through November 8, 2021, shall be excluded from Speedy Trial Act computations in this case.

3. The criminal motions hearing is continued to **November 8, 2021**, at **2:00 p.m.**, in Courtroom 9W, Diana E. Murphy U.S. Courthouse, 300 South Fourth Street, **MINNEAPOLIS**, Minnesota.  D. Minn. LR 12.1(d).

[continued on next page]

4. **The trial date, and other related dates, will be rescheduled following the ruling on pretrial motions. Counsel must contact the Courtroom Deputy for Chief District Judge John R. Tunheim to confirm the new trial date.**

Dated: October  25 , 2021                                  *s/Tony N. Leung*
                                                                                TONY N. LEUNG
                                                                                United States Magistrate Judge
                                                                                District of Minnesota

                                                                                *United States v. Thomas*
                                                                                Case No. 21-cr-93 (JRT/TNL)