UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
21-cr-93 (JRT/TNL)

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | NOTICE REGARDING |
| v. | INTENTION TO PROCEED AT DECEMBER 13 MOTIONS HEARING AND RESPONSE TO |
| ROBBIN ALLEN THOMAS, | DOCKET NO. 71 |
| Defendant. | |

The United States of America, by and through its attorneys, Charles J. Kovats, Jr., Acting United States Attorney for the District of Minnesota, and Ruth Shnider, Assistant United States Attorney, hereby files this notice, with service to the defendant at Sherburne County Jail, to outline its understanding of how the forthcoming December 13, 2021 motions hearing will proceed in this matter, and to briefly respond to the defendant's recent filing at ECF No. 71.

On November 8, 2021, the parties appeared for a motions hearing at the Minneapolis federal courthouse. The Government had one witness present and ready to testify. (This was after the hearing was rescheduled from October 12, 2021, owing to a COVID exposure). At the start of the November 8 hearing, the defendant indicated for the first time that he would like to discharge his appointed counsel (F. Clayton Tyler), and the Court held a colloquy with the defendant and Mr. Tyler. (*See* Court Minutes, ECF No. 70). Government counsel was excused from the courtroom for most of this conversation, but some on-the-record discussion was held with both parties near the conclusion of the hearing.

As the Government understood it (not being present for all the discussion), F. Clayton Tyler was granted permission to withdraw as counsel, and the defendant expressed his intention to locate and retain different representation of his choosing. However, the Court also gave *Faretta* advisories and appears to have discussed with the defendant the possibility that he would proceed *pro se* if he did not locate new counsel to his liking. Although the Government raised whether substitute or standby counsel should be appointed through the Federal Defender's Office, the defendant indicated that he wanted to locate his own counsel—or to proceed on his own, *pro se*.

The Court also granted the defendant's motion to continue the motions hearing to December 13, 2021 to permit him time to attempt to retain new counsel and/or prepare to represent himself at the hearing. The Court warned the defendant that the hearing would *not* be continued again after December 13. The Court also instructed the defendant that any additional motions would need to be filed by December 1. The defendant noted on the record that he would likely elect to proceed with the suppression motion already filed by F. Clayton Tyler. (*See* ECF No. 47).

On November 29, 2021, the defendant filed a document entitled "Writ of Quo Warranto" (ECF No. 71), which appears to have been authored at least in part by a woman named "C. Bey El" who claims to be "wazir and consul for the foreign national, Sheik El Robbin Allen Thomas El Bey." (*See* ECF No. 71 at 11; ECF No. 71-1 at 3, 8). The document demands that various named federal and state officials produce proof of "lawful jurisdiction" in accordance with "our treaty rights to consular jurisdiction." (ECF No. 71 at 3). As best the Government is able to discern, this document appears to assert "sovereign

2

citizen" arguments, claiming that the defendant is a "Moorish American national" and not subject to the jurisdiction of this Court.

As explained by the Southern Poverty Law Center (SPLC), "Moorish sovereigns espouse an interpretation of sovereign doctrine that African Americans constitute an elite class within American society with special rights and privileges that convey on them a sovereign immunity placing them beyond federal and state authority." SPLC, "Moorish Sovereign Citizens," https://www.splcenter.org/fighting-hate/extremist-files/group/moorish-sovereign-citizens. As other courts have noted, although "[i]t does not appear that one's [alleged] Moorish ethnic roots . . . have any reason to go hand-in-hand with one's adhesion to the sovereign citizenship movement," various individuals have begun "merging these concepts" to attempt to initiate "frivolous legal actions" or to claim immunity from the authority of the U.S. courts and government. *Murakush Caliphate of Amexem Inc. v. New Jersey*, 790 F. Supp. 2d 241, 245 (D.N.J. 2011).

However styled, these types of "sovereign citizen" arguments are not just meritless, but frivolous. They have been repeatedly and soundly rejected by all courts to consider them, and therefore, require no analysis. *See, e.g.*, *United States v. Burton*, 856 F. App'x 173, 175 (10th Cir. 2021) ("[W]e reject Burton's argument that his Moor nationality removed him from the criminal jurisdiction of the district court."); *United States v. Palmer*, 699 Fed. App'x 836, 838 (10th Cir. 2017) ("As for [defendant's] sovereign state citizen argument, reasonable jurists could also not disagree that the claim is plainly frivolous."); *United States v. Jonassen*, 759 F.3d 653, 657 n.2 (7th Cir. 2014) (providing that Sovereign Citizen arguments can take many titles, but at their core "assert that the federal government

3

is illegitimate and insist that they are not subject to its jurisdiction. The defense has no conceivable validity in American law." (quoting *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990))); *United States v, Sileven*, 985 F.2d 962, 970 (8th Cir. 1993) (finding similar arguments that defendant was not a federal citizen "plainly frivolous" and noting that further discussion was unnecessary); *United States v. Jagim*, 978 F.2d 1031, 1036 (8th Cir. 1992) (sovereign citizen arguments "are completely without merit, patently frivolous, and will be rejected without expending any more of this Court's resources on their discussion.").

The defendant also has no right to be represented by a non-lawyer in these proceedings. *Wheat v. United States*, 486 U.S. 153, 159 (1988) ("Regardless of his persuasive powers, an advocate who is not a member of the bar may not represent clients (other than himself) in court."). The defendant may elect to be represented by a licensed member of the bar of this Court, or he may represent himself. "C. Bey El," being neither, may not appear or file documents on the defendant's behalf.

For the foregoing reasons, to the extent the document filed at ECF No. 71 requests any relief from the Court, it should be denied. Further, in the interest of clarity, the Government notes that it currently expects that the defendant will be proceeding *pro se* at the December 13 hearing. The Government will again be prepared to present the witness testimony of Anoka County Deputy Nathan Arcand to address the issues of reasonable suspicion and probable cause for the traffic stop and vehicle search that took place on February 19, 2021, as challenged in the previously-filed suppression motion at ECF No. 47 – that is, to the extent the defendant expresses his intention to maintain that motion.

(That motion also requests a four-corners review of a residence search warrant that was previously submitted to the Court.) To the extent the defendant appears and claims he is not subject to the jurisdiction of this Court or otherwise behaves in an obstructionist fashion, the Government will move the Court to deem all previously-filed defense motions withdrawn.

The Government also respectfully suggests that if the defendant would like to request licensed standby counsel, or to raise any other proper request for legal representation, he should *immediately* contact the Federal Defender's Office at 612-664-5858, and/or file a request with the Court. Given the Court's clear admonitions at the November 8 hearing, the Government will object to any further continuance of the motions hearing.

As always, Government counsel remains available to offer any further assistance the Court may need, and will proceed however directed by the Court.

Dated: December 2, 2021

                                              Respectfully Submitted,

                                              CHARLES J. KOVATS, JR.
                                              Acting United States Attorney

                                              *s/Ruth S. Shnider*
                                              BY: RUTH S. SHNIDER
                                              Assistant U.S. Attorney
                                              Attorney ID No. 396707

## **CERTIFICATE OF SERVICE**

     I hereby certify that on December 2, 2021, I caused to be served the foregoing document to non-ECF participants by placing a copy in an envelope addressed to the person(s) hereinafter named, at the place(s) and address(es) stated below, which is/are the last known address(es), and delivering by mail to:

Inmate Robbin Allen Thomas
Sherburne County Jail
13880 Business Center Drive NW
Elk River, MN 55330

*/s/ Ruth Shnider*
RUTH S. SHNIDER
Assistant U.S. Attorney