UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 21-cr-93 (JRT/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Robbin Allen Thomas, | |
| Defendant. | |

## I. INTRODUCTION

This matter came before the Court for a criminal motions hearing on November 8, 2021. (ECF No. 70.) Assistant United States Attorney Ruth S. Shnider appeared on behalf of the Government. Attorney F. Clayton Tyler appeared on behalf of Defendant Robbin Allen Thomas. This Order memorializes the findings made orally on the record and incorporates by reference such oral record.

## II. BACKGROUND

Defendant has been charged by way of Indictment with one count of possession with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). (ECF No. 1.) After finding that Defendant qualified for the appointment of counsel in this case, Attorney Tyler was appointed to represent Defendant. (ECF Nos. 6, 9.)

At the outset of the criminal motions hearing on November 8, 2021, Defendant stated that he is a natural born American Moorish Citizen National, attempted to invoke

1

his right to "consul" jurisdiction, and asserted that he no longer wished to have his counsel of record, Attorney Tyler, represent him. Attorney Tyler then orally moved to withdraw. The Government voiced no objection to Attorney Tyler's motion, but otherwise did not participate in the motion. The Court excused counsel for the Government and sealed the record in order to explore the basis for the motion in greater detail. Upon re-opening the record, the Court granted Attorney Tyler's motion on the record during the hearing. (ECF No. 70.)

### III. ANALYSIS

#### A. Attorney Tyler's Motion

Under District of Minnesota Local Rule 83.7(c), withdrawal of counsel in the absence of substitute counsel may only be allowed upon a motion and a showing of "good cause." "What constitutes 'good cause' for the withdrawal of counsel, without substitution, cannot be readily defined, or categorized, but must be evaluated on a case-by-case basis, and determined by examining the reasons proffered for the asserted need to withdraw." *Cabo Holdings, LLC v. Englehart*, No. 07-cv-3524 (PJS/RLE), 2008 WL 4831757, at *4 (D. Minn. Nov. 3, 2008) (citing *Spearman v. Salminen*, 379 N.W.2d 627, 632 (Minn. Ct. App. 1986)); *accord Int'l Decision Sys., Inc. v. Cont'l First Fed., Inc.*, No. 08-cv-4961 (DWF/JJK), 2009 WL 10471192, at *1 (D. Minn. June 29, 2009); *cf. United States v. Vallery*, 108 F.3d 155, 157 (8th Cir. 1997) ("A trial court has broad discretion in determining whether to grant or deny a request for substitution of counsel, particularly when the issue is raised close to the date of trial.").

"[J]ustifiable dissatisfaction necessitating new counsel can arise from an irreconcilable conflict between the defendant and the attorney, a complete breakdown in their communications, or an actual conflict of interest resulting from continued representation." *United States v. Rodriguez*, 612 F.3d 1049, 1054 (8th Cir. 2010). Further, in this district, good cause for withdrawal has been found "where there has been a 'complete breakdown in the attorney-client relationship.'" *BBY Solutions, Inc. v. Karreman*, No. 10-cv-4726 (MJD/TNL), 2012 WL 12897874, at *1 (D. Minn. Oct. 12, 2012) (quoting *Luiken v. Domino's Pizza LLC*, No. 09-cv-516 (DWF/AJB), 2009 WL 4723296, at *3 (D. Minn. Dec 2, 2009)); *see also Cabo Holdings*, 2008 WL 4831757, at *4 (noting good cause exists "where a degree of fractiousness, between the client and counsel, has developed which inhibits the just, speedy, and inexpensive determination of the action" (quotation omitted)).

Based on the record before the Court and the representations of Attorney Tyler and Defendant during the *in camera* portion of the hearing, the Court concluded that there has been a complete breakdown in the attorney-client relationship which includes the complete breakdown of communications between Attorney Tyler and Defendant.

Given the complete breakdown of the attorney-client relationship, the Court concluded that there was good cause for withdrawal of Attorney Tyler without substitution and Attorney Tyler's motion to withdraw was granted on the record. The irretrievable differences between Attorney Tyler and Defendant and the complete breakdown in their communications has rendered impossible the continuation of their attorney-client relationship. Attorney Tyler is no longer counsel of record for Defendant.

### B. Appointment of New Counsel

During the hearing, Defendant expressed that he went by a different name, Sheik El Robbin El Allen Thomas El Bey, and attempted to invoke his right to "consul jurisdiction and consul court." He claimed that he is a natural born American Moorish Citizen National. After the hearing, Defendant sent the Court and the Clerk of Court documents which appear to assert his position that as a Moorish American National, this Court lacks jurisdiction over his person. (*See* ECF Nos. 71, 71-1.) These documents are signed by another individual, C. Bey El, who calls herself the wazir and consul for Defendant. (ECF No. 71 at 11-12; ECF No. 71-1 at 3, 8-9.) An attorney has not filed a notice of appearance on behalf of Defendant.

The Moorish Nation has not been recognized as a sovereign state by the United States. *See Speed v. Mehan*, No. 4:13CV1841 SNLJ, 2013 WL 5776301, at *1 (E.D. Mo. Oct. 25, 2013) (collecting cases). As the Seventh Circuit has emphasized, Moors are not sovereign citizens and have no immunity from United States law:

> Many [Moors] argue, without any basis in fact, that as a result of eighteenth-century treaties the United States has no jurisdiction over its Moorish inhabitants . . . [Defendant] may be a Moor but—we emphasize, in the hope of staving off future such frivolous litigation—he is not a sovereign citizen. He is a U.S. citizen and therefore unlike foreign diplomats has no immunity from U.S. law.

*Bey v. State*, 847 F.3d 559, 561 (7th Cir. 2017). Though *Bey* dealt with a civil matter, it is no less relevant in the context of this criminal case: Defendant is not a sovereign citizen. He does not have immunity from United States law.

4

The Court, during the hearing, conducted an inquiry of Defendant pursuant to *Faretta v. California*, 422 U.S. 806 (1975). Defendant responded to each question appropriately with intelligent answers. When asked if Defendant would be proceeding pro se, Defendant stated his position was that he will be represented by "consul." The oral record establishes that Defendant understood the distinction between legal counsel and "consul."

"In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. "The Supreme Court has interpreted this right to counsel as requiring that indigent defendants be provided counsel unless the right has been voluntarily and intelligently waived." *Koenig v. North Dakota*, 755 F.3d 636, 640 (8th Cir. 2014) (citing *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)) (additional citation omitted). The right to counsel, however, is "circumscribed in several important respects." *Wheat v. United States*, 486 U.S. 153, 159 (1988). A person who is not a member of the bar may not represent clients in court. *Id.*; *see also United States v. Pilla*, 550 F.2d 1085, 1093 (8th Cir. 1977) (right to counsel was not violated when court denied request to be represented by layperson).

The right to counsel is also balanced with a defendant's right to represent oneself. *See United States v. Sanchez-Garcia*, 685 F.3d 745, 751 (8th Cir. 2012) ("The Sixth Amendment . . . grants an accused both the right to counsel and the alternative right to self-representation.") (citing *Faretta*, 422 U.S. at 807). "Counsel may be waived if the defendant 'knows what he is doing and his choice is made with eyes wide open.'" *United States v. Stanley*, 891 F.3d 735, 738 (8th Cir. 2018) (quoting *Faretta*, 422 U.S. at 835); *see*

5

*also United States v. Krug*, 822 F.3d 994, 1000 (8th Cir. 2016) (writing that in order to waive the right to counsel, "[t]he defendant must understand the consequences of proceeding pro se and be competent to stand trial as evidenced by an understanding of the nature of the legal proceedings against him.") (citation omitted). The Court is thus tasked with making Defendant "aware of the dangers and disadvantages of self-representation." *Faretta*, 422 U.S. at 835.

"It is clear" however, "that a defendant cannot manipulate this Sixth Amendment right [to counsel] in order to delay or disrupt his trial." *United States v. Conklin*, 835 F.3d 800, 804 (8th Cir. 2016) (citation & quotation omitted); *cf. United States v. Edelmann*, 458 F.3d 791, 808-09 (8th Cir. 2006) ("The right [to self-representation] does not exist . . . to be used as a tactic for delay, or disruption, for distortion of the system, or for manipulation of the trial process.") (quotation omitted). Further, "it is well-established that an accused can waive his right to counsel by conduct." *Conklin*, 835 F.3d at 804. "Courts have held that where a defendant is warned that he must choose between continuing with court-appointed counsel or proceeding *pro se*, the defendant's choice to discharge the appointed counsel constitutes a knowing and intelligent waiver to the right of assistance of counsel." *Sanchez-Garcia*, 685 F.3d at 751; *see also Conklin*, 835 F.3d at 804-05; *United States v. Irorere*, 228 F.3d 816, 828 (7th Cir. 2000) ("[S]o long as the district court has given a defendant sufficient opportunity to retain the assistance of appointed counsel, defendant's actions which have the effect of depriving himself of appointed counsel will establish a knowing and intentional choice.").

6

Defendant made clear during the hearing that he no longer wanted to utilize the services of Attorney Tyler and instead has filed documents reflecting his belief that he is not subject to the Court's jurisdiction and is represented by "consul." As discussed *supra*, Defendant's beliefs, however genuine, lack legal merit. He is subject to this Court's jurisdiction, and he cannot rely on the argument that he is entitled to representation by way of "consul" as a way to delay these proceedings. Nor can a layperson represent him. The Court has previously cautioned him of the dangers of proceeding pro se and has given him options on how to proceed.

In sum, Defendant has three options now that the Court has granted Attorney Tyler's motion to withdraw: he may (1) request to have new counsel appointed; (2) hire new legal counsel, admitted to practice law before this Court; or (3) proceed pro se because the oral record from the hearing establishes that the Court conducted a *Faretta* inquiry and that Defendant has effectively knowingly and intelligently waiving his right to counsel. *See United States v. Swinney*, 970 F.2d 494, 498 (8th Cir. 1992) ("Thus, the district court may properly require the defendant to choose either to proceed *pro se*, with or without the help of standby counsel, or to utilize the full assistance of counsel, who would present the defendant's defense."), *cert. denied*, 506 U.S. 1011 (1992). As discussed below, the Court granted Defendant's oral motion for a continuance and will give Defendant until the next hearing date to decide how he would like to proceed.

### C. Continuance of Hearing

At the hearing, Defendant orally requested a continuance in order to secure "consul" representation. The Court granted Defendant's oral motion to continue the hearing so that

he may be prepared for the criminal motions hearing with new legal counsel, or on his own. The motions hearing was continued to **December 13, 2021**. Defendant expressed that he would be able to file any additional motions on or before **December 1, 2021**. He also stated that if he did not file new motions prior to that date, he would be proceeding on the motions that Attorney Tyler previously filed.[1] No additional motions have been filed. After Defendant filed the documents challenging this Court's jurisdiction (*see* ECF Nos. 71, 71-1), the Government filed a Notice Regarding Intention to Proceed at December 13 Motions Hearing and Response to Docket No. 71 (ECF No. 72). This notice memorializes the Government's position regarding the upcoming hearing on December 13. (ECF No. 72.)

Pursuant to 18 U.S.C. § 3161(h), the Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and Defendant in a speedy trial and such continuance is necessary to provide Defendant reasonable time necessary for effective preparation for the criminal motions hearing on December 13, 2021.

Finally, the Court cautions Defendant that his conduct has demonstrated that, unless he hires counsel admitted to practice before this Court prior to the motions hearing scheduled for December 13, he will be proceeding at the motions hearing pro se. The Court has cautioned him pursuant to *Faretta*. *See Conklin*, 835 F.3d at 804-05; *Sanchez-Garcia*, 685 F.3d at 751. Given the possible absence of the appearance of substitute counsel

---

[1] These motions are: Motion for Disclosure of Evidence Favorable to the Defendant (ECF No. 40); Motion for Disclosure of Grand Jury Transcripts (ECF No. 41); Motion for Pretrial Disclosure of Jencks Act Materials (ECF No. 42); Motion for Disclosure of Rule 404 Evidence (ECF No. 43); Motion for Disclosure of Wiretaps and Other Electronic Surveillance (ECF No. 44); Motion for Discovery and Inspection (ECF No. 45); Motion to Retain Rough Notes (ECF No. 46); and Motion to Suppress Evidence Obtained by Search and Seizure (ECF No. 47).

admitted to practice law before this Court on behalf of Defendant, the Office of the Federal Defender is requested to appear at the December 13, 2021 hearing to be possible standby counsel. The Court is not inclined to grant further continuances of the criminal motions hearing.

### III. ORDER

Based on the foregoing, and the file, records, and proceedings herein, and for the reasons articulated on the record at the November 8, 2021 hearing, **IT IS HEREBY ORDERED** that:

1. Attorney Tyler's oral motion to withdraw as counsel of record without substitution is **GRANTED**.

2. Defendant's oral request for a continuance is **GRANTED**.

3. The period of time from **November 8 through December 13, 2021** shall be excluded from Speedy Trial Act Computations in this case.

4. The criminal motions hearing is **CONTINUED** and shall take place before Magistrate Judge Tony N. Leung on **December 13, 2021** at 1:00 p.m., in Courtroom 9W, Diana E. Murphy U.S. Courthouse, 300 South Fourth Street, **MINNEAPOLIS**, Minnesota.

5. The trial date, and other related dates, will be rescheduled at a date and time to be determined before Chief District Judge John R. Tunheim in Courtroom 15, Diana E. Murphy U.S. Courthouse, 300 South Fourth Street, **MINNEAPOLIS**, Minnesota. Counsel must contact the Courtroom Deputy for Chief District Judge Tunheim to confirm the new trial date.

Date: December  2 , 2021

       *s/Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*United States v. Thomas*
Case No. 21-cr-93 (JRT/TNL)

9