### UNITED STATES DISTRICT COURT
### DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 21-cr-93 (JRT/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Robbin Allen Thomas, | |
| Defendant. | |

This matter comes before the Court on the Government's Motion to Continue Motions Hearing to March 11. (ECF No. 84.) The Court recently granted Defendant's request to continue the deadline for him to file additional pretrial motions and reset the motions hearing for February 24, 2022. (ECF No. 81.) The Government has since learned that one of the witnesses it will likely call at that hearing will be traveling out of state on February 24, (ECF No. 84 at 1.) It requests a continuance of the motions hearing date until March 11. (*Id.* at 2.) It also notes that Defendant, in conjunction with his previous request for a continuance, filed a statement of facts in support of exclusion of time under the Speedy Trial Act, where he consented to the exclusion of time through whatever date the Court set for the options hearing. (*Id.* (citing ECF No. 78.) As of the date of this Order, Defendant has not filed an objection to the Government's motion.

Additionally, beginning on March 13, 2020, and continuing thereafter, the Honorable John R. Tunheim, Chief District Judge for the United States District Court for the District of Minnesota, has issued a series of General Orders in connection with the

1

COVID-19 pandemic, addressing, among other things, criminal proceedings and trials.[1] On December 6, 2021, Chief Judge Tunheim entered General Order No. 32, which allows limited in-person proceedings for defendants who decline to consent to conducting the proceeding using videoconferencing, or telephone conferencing if videoconferencing is not reasonably available.  *See generally In re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*, Gen. Order No. 32 (D. Minn. Dec. 6, 2021).  General Order No. 32 states that because only limited in-person proceedings may be held each day, criminal proceedings may be continued until the date that the criminal proceeding takes place.

General Order No. 32 continues to encourage the use of videoconferencing in criminal proceedings and states that, with the defendant's consent, criminal proceedings will be conducted by videoconferencing, or telephone conferencing if videoconferencing is not reasonably available.[2]  General Order No. 32 further provides that the presiding judge will enter orders in individual cases to extend deadlines and exclude time under the Speedy Trial Act to address delays attributable to COVID-19.

The Court previously inquired whether Defendant consented to conducting the criminal motions hearing using videoconferencing.  (*See* ECF No. 14; ECF No. 28 at 2; ECF No. 34 at 2.)  Defendant has indicated through counsel that he does not consent to

---

[1] All General Orders related to the COVID-19 pandemic may be found on the Court's website at https://www.mnd.uscourts.gov/coronavirus-covid-19-guidance.

[2] *See also* General Order No. 33, which went into effect on December 21, 2021, vacated General Order No. 31, and extended the Court's authorization to conduct certain criminal proceedings via video or telephone conference pursuant to the CARES Act "[b]ecause the emergency created by the COVID-19 outbreak continues to materially affect the functioning of court operations in the District of Minnesota." *In re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*, Gen. Order No. 33 (D. Minn. Dec. 17, 2021).

videoconferencing for the criminal motions hearing.  (ECF No. 50; ECF No. 64 at 1.)  Consistent with the health and safety protocols of this Court and the facility in which Defendant is detained, the criminal motions hearing is continued to **March 11, 2022**.

Now all that remains is the exclusion of time.  The Government notes in its motion that Defendant, in conjunction with his previous request for a continuance, filed a statement of facts in support of exclusion of time under the Speedy Trial Act, where he consented to an open-ended exclusion of time through whatever date the Court set for the motions hearing.  (ECF No. 84 at 1-2 (citing ECF No. 78.).)  The Government also states that its witness has previously been present and prepared to testify at past hearing dates that were continued in conjunction with Defendant's request for new counsel, and also that the Government agreed to the last continuance of this case made at Defendant's request.  (ECF No. 84 at 2.)  The Court agrees with the Government that Defendant will not be prejudiced by the approximately two-week continuance of the hearing, and that the interests of justice support the exclusion of this time from Speedy Trial Act computations.[3]

Therefore, pursuant to 18 U.S.C. § 3161(h), this Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and Defendant in a speedy trial and such continuance is necessary to allow for the Government's witness to appear at the hearing.  Additionally, for the reasons addressed in General Order Nos. 32 and 33 and the well-documented concerns regarding COVID-19, the Court finds that the ends of justice served by ordering this continuance outweigh the best interests of the public

---

[3] The Court also notes that Defendant has not objected to the Government's motion.  Further, this time is already tolled from Speedy Trial Act computations because pretrial motions have been filed in this case which will be heard by the undersigned. *See* 18 U.S.C. § 3161(h)(1)(D).

and Defendant's right to a speedy trial under 18 U.S.C. § 3161(h)(7)(A). The Court further finds that, pursuant to 18 U.S.C. § 3161(h)(7)(B)(i), a miscarriage of justice would result if time were not excluded under these unique circumstances.

Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Government's Motion to Continue Motions Hearing to March 11 (ECF No. 84) is **GRANTED.**

2. The period of time from January 19 through March 11, 2022, shall be excluded from Speedy Trial Act computations in this case.

3. The criminal motions hearing is continued to **March 11, 2022**, at **1:00 p.m.**, in Courtroom 9W, Diana E. Murphy U.S. Courthouse, 300 South Fourth Street, **MINNEAPOLIS**, Minnesota.

4. All filing deadlines set forth in the Court's prior order remain in place. (*See* ECF No. 81 at 4.)

5. **The trial date, and other related dates, will be rescheduled following the ruling on pretrial motions. Counsel must contact the Courtroom Deputy for Chief District Judge John R. Tunheim to confirm the new trial date.**

Dated: January  31 , 2022              *s/Tony N. Leung*
                                       TONY N. LEUNG
                                       United States Magistrate Judge
                                       District of Minnesota

                                       *United States v. Thomas*
                                       Case No. 21-cr-93 (JRT/TNL)