## UNITED STATES DISTRICT COURT
### DISTRICT OF MINNESOTA
Court File No. CR-21-93 (JRT/TNL)

UNITED STATES OF AMERICA,

      Plaintiff,

                       **MOTION TO APEAL DETINTION RULING**

      v.

ROBBIN ALLEN THOMAS ,

      Defendant.

## DEFENDANT MOVES TO APEAL RULING ON DETENTION

Defendant Robbin Allen Thomas. Respectfully, submits this motion to the court, requesting that the decision to detain the defendant be overturned for the following reasons:

- The reasons that were given for dentition were ,that there was no conditions or combination of conditions that would reasonably guarantee that the defendant would show up for court (Flight risk).

  - Secondly, that there was no way to reasonably consider the defendant to not be a danger to the community and that no combination of conditions that would relatively insure that the public would be safe.

The defendant would like to present the facts that first: for the idea that the defendant would not make it to court is an argument that does not completely resonate with it's intended destination. A person that is in custody still has the right to deny going to court. They can not be forced to attend, so to state that one is being detained for the reasonable assumption that one will show up to court still does not make that a guarantee or even more likely that one would attend. Truth would still stand, that the same opportunity to go, or not go to court would present it self as an option. Frankly to have the opportunity for loved one to remind the defendant of the date /time, and the consequences would seemingly have more of an effect on the probability of the defendant showing up for court and specifically with zoom court being a majority of the hearings today, with covid -19 still having such a great effect on the public. We would think that it is safer and wiser to have non violent defendants close to love ones so that they could put the best defense together as possible and not put more stress on the family so one can defend them self by finding the most proper representation available with all of the injustice in cases here today. being that the law enforcement in Minnesota has been proven to over step the line when it comes to being lawful as of lately. Recent news reports have been pointing out the facts also that the defendant is pointing to as of this week the week of 5-1-22 Minneapolis Star Tribune.

So the argument that, detention will make sure that one will show for court is out dated.

Second, there was also concerns brought up about the defendant being a threat to the safety of the community. This argument was ridiculous. To this we as the defense state the the defendant has not been involved in a violent act in a time spanning well over the usable time for guidelines that the congress allows to be used as a reason to detain a defendant. Moreover the use of his past criminal history to assess whether the defendant can or can not be allowed in to the community while fighting a case that the law says one is presumed to be innocent until proven guilty. "We fill that the § 3142(e) presumption is unnecessarily increasing detention rates for low-risk defendants, particularly in drug trafficking cases." *Report of the Proceedings of the Judicial Conference of the United States (September 12, 2017), archived at https://perma.cc/B7RG-5J78.* To address this problem, the Judicial Conference proposed significant legislative reform that would amend the presumption of detention in drug cases. "to limit its application to defendants described therein whose criminal history suggests that they are at a higher risk of failing to appear or posing a danger to the community." While the Judicial Conference's proposed legislation has not been enacted yet, this Court can certainly take it into account when evaluating the presumption of detention in this case. The problems with the statutory presumptions of detention are important to Mr. Thomas' motion because, as the AO study confirms, high federal pretrial detention rates come with significant and wide ranging "social and economic costs."For example, that study explains that "[e]very day that a defendant remains in custody, he or she may lose employment which in turn may lead to a loss of housing. These financial pressures may create a loss of community ties, and ultimately push a defendant towards relapse and/or new criminal activity." with this case Mr. Thomas has been an entrepreneur for many years the covid epidemic devastated his business, and then the riots destroyed his market, his incarceration had decimated his family and yet he has not committed a violent act this alone should be enough evidence to prove that Mr. Thomas is not a treat to his community or any other person. It should not be used that he as a youth made mistakes to detain him. The things that were used were 17 years ago when he was last in trouble with the law and that was a 5th degree. The use of it is not fare.

Further more: to use the fact that the defendant was in quarantine for the court date that was missed on 4-22-21 is absolutely UN-natural being that counsel has postponed court dates for the same reason as many others have also. To use this as a deciding factor against Mr. Thomas is prejudiced toward the defendant. Also the use of payable tickets that don't need a hearing as reasons to deny the granting of motion is even more so not fare to the defendant. This should be reassessed and taken into consideration that covid has changed all of

our lives. The Gorge Floyd murder has changed all of our lives, and the defendant life personally as he was there, and his motor-cycle was the first barricade on 37th and Chicago ave in south MPLS, the day of the murder that changed our world. For the prosecution to continue to question his ties to the community is preposterous being this is his community. The same community that he grew up in, went to school in, played at the parks, and played foot ball, boy and girls club activities. To make statements like that about this defendant, shows that there has been no research into the truth of this case where do they get there information from it is false, and for the prosecution to use it is providing false or misleading information to the courts and is a violation of Minnesota code of ethics and prosecutorial misconduct. How dose the courts allow these actions by the government with out consequence.

The defendant also presented several conditions that would more then satisfy the reasoning behind the presumption of dentition and should be reconsidered. One was; that he be allowed to ether attend a treatment center, or a half way house, and or home monitoring, or just a bond to reestablish his businesses and prepare a defense for this case. That he has had cases over turned and dismissed, also has had the warrant quashed in wright county in a case that his was a passenger in a car that he recently sold and was found to have drugs in it and the driver was let go and, who gave the police the wrong name (which they have no idea who that person was to-date) so they took the drugs out of her back pack and put it on the defendant. The present case was an illegal stop where the governments witness (deputy Arcand who lied in testimony) saying that he could see trough side view metallic reflector tape to positively identify the defendant at the driver of a vehicle giving he probable cause to stop the vehicle. Pictures prove that is was not at all possible, probable, or likely.

Further more the defense believes that giving the the defendant the opportunity to reunite with his family would not endanger the community or change the likeliness for the the defendant the show for court as the defendant fells the case will be won by the defense and that there is no way that the testimony of the officer can be taken for the truth. As the testimony about the processing of the evidence was shown to be not a truthful statement, and the pictures from the truck in the governments exhibit #1 show that there is absolutely no way one could see through painted duct tape to identify a person at 40 yards moving 35mph with the sun glaring off the window into one's face, but these same eyes cant see a person sitting in the driver's seat of a vehicle at the same distance same condition (except for he was not moving in a vehicle), with a focused interest on said vehicle that he is looking for and at, for 3 minutes strait. On top of it all the procedural policies for stop where you think that you know who is driving a vehicle is to run the persons name then commit to the stop in this case the officer did not do this and there is no reason for this not have been done. Now with that established we can then say that the stop was illegal and should have never taken place. We feel there would be no reason for the defendant to run or cause any further delays.

Please consider respectfully we request release of the defendant with conditions.

Please forgive me if I may be informal as I do not practice law.

Respectfully,

sheik el robbin allen thomas el bey. de jure, divine being, in propria persona sui juris, in proprio solo, in

proprio heredes. All rights
exercised at all points in time. No CORPORATE entity, including CORPORATE courts has personam
jurisdiction over me or any moor. I am not in "joinder" with any person or CORPORATION. No
communication by me or about me can create a contract. Only my autograph along with the
other parties' signature that accompanies a written contract can create a contract, and that
autograph is non-negotiable if the autograph is not affixed to a set of signatures as described
herein. An ''adhesion" contract is an oxymoron as hidden elements vitiate a lawful contract.

Respectfully,

Executed this _____ 9ᵀʰ _____ day of _____ May _____ ,2022.

Affiant:  sheik el robbin allen thomas el bey  propria persona sui juris
flesh and blood, sentient man
ex rel: [ROBBIN THOMAS]
All rights and remedies reserved at all points in without recourse nunc pro tune
U.C.C. 1- 207/1-308; U.C.C.1-103
care of: Ecclesiastical Moors: P.O. Box 112163
[Tacoma, Washington territory]
Northwest Amexem



