UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 21-cr-93 (JRT/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Robbin Allen Thomas, | |
| Defendant. | |

Alexander D. Chiquoine, Assistant United States Attorney, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for the Government);

Robbin Allen Thomas, #25412, Sherburne County Jail, 13880 Business Center Drive Northwest, Elk River, MN 55330 (pro se Defendant); and

Steven J. Wright, Law Office of Steven J. Wright, 331 Second Avenue South, Suite 705, Minneapolis, MN 55415 (standby counsel for Defendant).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on the following pretrial motions:

1. The Government's Motion for Discovery, ECF No. 8;

2. Defendant's Motion for Release of Brady Materials, ECF No. 40;

3. Defendant's Motion for Disclosure of Grand Jury Transcripts, ECF No. 41;

4. Defendant's Motion for Disclosure of Jencks Act Material, ECF No. 42;

5. Defendant's Motion for Disclosure of Rule 404 Evidence, ECF No. 43;

6. Defendant's Motion for Disclosure of Wiretaps and Electronic Surveillance,

1

ECF No. 44;

7. Defendant's Motion for Discovery, ECF No. 45;

8. Defendant's Motion to Retain Rough Notes, ECF No. 46;

9. Defendant's Pro Se Motion for Court Reporters Digital Audio Recordings, ECF No. 107; and

10. Defendant's Pro Se Motion to Add Exhibits, ECF No. 116.

A hearing was held on March 18, 2022, and April 26, 2022.  ECF Nos. 100, 118.  Assistant United States Attorney Alexander D. Chiquoine appeared on behalf of the United States of America (the "Government").  Defendant Robbin Allen Thomas appeared pro se.  Attorney Steven J. Wright appeared as standby counsel for Defendant.  Based upon the record, memoranda, and oral arguments, **IT IS HEREBY ORDERED** as follows:

1. The Government's Motion for Discovery, ECF No. 8, is **GRANTED**.  This motion seeks discovery available under Federal Rules of Criminal Procedure 12.1, 12.2, 12.3, 16(b), and 26.2, as well as the establishment of deadlines for the disclosure of expert witnesses.  The Government seeks to establish deadlines for the parties to disclose any testimony the other intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence.  See Fed. R. Crim. P. 16(a)(1)(G), (b)(1)(C).  In its motion, the Government proposed that principal experts be disclosed 30 days before trial and rebuttal experts be disclosed 10 days prior to trial.  At the hearing, Defendant objected to the Government's

motion on jurisdiction grounds.[1]  Tr. 11:8-13:8, ECF No. 102.[2]  Defendant did not propose any alternative timeline for expert disclosures.

Having considered the parties submissions and arguments, the Court grants the Government's Motion for Discovery, ECF No. 8.  No later than 30 days prior to trial, the parties shall make their principal expert disclosures, and no later than 10 days prior to trial, the parties shall make any rebuttal expert disclosures.  *See* Fed. R. Crim. P. 16(a)(1)(G), (b)(1)(C).

2.  Defendant's Motion for Release of Brady Materials, ECF No. 40, is **GRANTED IN PART** and **DENIED IN PART**.  Defendant seeks disclosure of evidence favorable to him under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny.  The Government acknowledges its obligations under these authorities, and states that it has complied and will continue to comply with those obligations.  Gov't's Resp. at 1, ECF No. 56; Gov't's Omnibus Resp. at 1-2, ECF No. 93.  The Government objects to Defendant's motion to the extent it seeks information beyond these authorities.  Gov't's Resp. at 1; Gov't's Omnibus Resp. at 2.

"The Due Process Clause of the Fifth Amendment requires the government to disclose to the accused favorable evidence that is material to guilt or punishment."  *United States v. Dones-Vargas*, 936 F.3d 720, 722 (8th Cir. 2019) (citing *Brady*, 373 U.S. at 87);

---

[1] Defendant objected throughout the hearing on jurisdiction grounds.  *See, e.g.,* Tr. 8:20-10:7, 11:8-13:8, 13:21-24, 15:13-14, 16:17-17:23, 18:18, 19:9-10, 20:9-12, 21:2-3, 22:25-23:2, 23:24, 78:9-10, 81:23-24, 152:19-20.  The Court noted that Defendant had a standing objection to the Court's jurisdiction and the Government's authority over him.  *See, e.g.,* Tr. 13:17-14:1, 17:24-18:5, 20:5-6, 20:18-20, 25:12-18, 78:11, 81:25, 152:21.

[2] Although the transcript has been temporarily sealed to allow for the process of redacting any personal identifiers, *see generally* D. Minn. LR 5.5, any notice of intent to request redaction was due April 4, 2022, and no such notice was filed.  ECF No. 102.

*see United States v. Whitehill*, 532 F.3d 746, 753 (8th Cir. 2008) ("*Brady* applies to exculpatory and impeachment evidence, whether or not the accused has specifically requested the information.") (citations omitted). "The [Supreme] Court has extended *Brady* protection to witness-credibility evidence when the reliability of the witness 'may well be determinative of guilt or innocence.'" *United States v. Sigillito*, 759 F.3d 913, 930 (8th Cir. 2014) (quoting *Giglio v. United States*, 405 U.S. 150, 154 (1972)); *accord Dones-Vargas*, 936 F.3d at 722; *see Whitehill*, 532 F.3d at 753. "One reason for this extension to witness-credibility evidence is because exposure of a witness's motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." *Sigillito*, 759 F.3d at 930 (quotation omitted). The Eighth Circuit Court of Appeals "ha[s] determined that witness motivations, like the payment of money as an incentive to change testimony, fall within the *Brady* disclosure requirement." *Id.* (citing *United States v. Librach*, 520 F.2d 550, 554 (8th Cir. 1975)). "Furthermore, the prosecutor must disclose the possibility of a reward that gives the witness a personal stake in the defendant's conviction." *Id.* (citing *United States v. Bagley*, 473 U.S. 667, 683 (1985)).

Defendant's motion is granted in part to the extent that the Government shall comply fully with its obligations under *Brady*, *Giglio*, and their progeny and disclose all exculpatory and impeachment evidence as well as Jencks Act and Federal Rule of Criminal Procedure 26.2 materials. If the Government subsequently discovers additional exculpatory or impeachment evidence, it shall disclose such evidence as soon as practicable after such discovery. While the Court is not ordering the Government to disclose Jencks Act materials early, *see infra* ¶ 4, the Court encourages the parties to disclose such materials

4

no later than three business days before trial.

To the extent Defendant seeks discovery and disclosures outside the Government's obligations under these authorities or seek materials that have already been produced, those requests are denied. *See United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000).

3. Defendant's Motion for Disclosure of Grand Jury Transcripts, ECF No. 41, is **DENIED AS MOOT**. Prior to the motions hearing, Defendant moved for an order, pursuant to Federal Rule of Criminal Procedure 6, compelling the Government to disclose the grand jury transcripts in this matter. The Government produced the grand jury transcript to Defendant's standby counsel on February 18, 2022. Gov't's Omnibus Resp. at 2. Defendant's standby counsel confirmed that he received the transcript, Tr. 14:7, and Defendant confirmed that he received the transcript as well, Tr. 14:15-16. Accordingly, this motion is moot.

4. Defendant's Motion for Disclosure of Jencks Act Material, ECF No. 42, is **DENIED**. Defendant seeks early disclosure of Jencks Act materials, requesting that such materials be disclosed at least seven days before trial. While the Government objects to any Court-ordered early disclosure, *see* Gov't's Resp. at 2, the Government was willing to accept Defendant's proposal and agreed to disclose such materials voluntarily seven days prior to trial. Tr. 18:6-19.

By its terms,

> [t]he Jencks Act does not compel the government to produce a statement or report of a government witness until after the witness has testified on direct examination, after which the defendant may move for the production of any statements in the government's possession made by that witness relating to

the subject matter of his testimony.

*United States v. Green*, 151 F.3d 1111, 1115 (8th Cir. 1998); *see* 18 U.S.C. § 3500(b). "Although in many cases the government freely discloses Jencks Act material to the defense in advance of trial, the government may not be required to do so." *Green*, 151 F.3d at 1115 (quotation omitted); *accord United States v. Wilson*, 102 F.3d 968, 971-72 (8th Cir. 1996). Accordingly, Defendant's request for early disclosure of Jencks Act materials is denied. While the Court is not ordering the Government to disclose Jencks Act materials early, the Court encourages the parties to disclose such materials no less than seven days before trial per their agreement.

     5.     Defendant's Motion for Disclosure of Rule 404 Evidence, ECF No. 43, is **GRANTED IN PART** and **DENIED IN PART**. Defendant requests disclosure of "any 'bad act' or 'similar course of conduct'" evidence the Government intends to offer at trial pursuant to Federal Rule of Evidence 404. ECF No. 43 at 1. Defendant also requests that the Government "identify any witnesses or exhibits it intends to offer" the 404 evidence through at trial. *Id*. The Government states that it has "already disclosed various materials . . . that could potentially be discussed at trial as Rule 404(b) and/or 'intrinsic' evidence." Gov't's Resp. at 3. The Government objects to the motion to the extent that Defendant seeks the disclosure of "intrinsic" evidence. Gov't's Omnibus Resp. at 3-4. The Government states that it will comply with its obligations under Rule 404(b) and proposes that the Court order any Rule 404(b) evidence be disclosed and noticed no later than two weeks before trial. Gov't's Resp. at 3; Gov't's Omnibus Resp. at 3. Defendant did not

propose an alternative timeline for disclosure, but rather requested "[e]arly disclosure." ECF No. 43 at 1.

Rule 404(b) requires the Government to provide reasonable written notice before trial when evidence of a crime, wrong, or other act will be used to "prov[e] motive opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2); *see* Fed. R. Evid. 404(b)(3)(A) (prosecutor must "provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it"), (C) (in writing). The Government is required to "articulate in the notice the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B).

"Rule 404(b) . . . applies to the admission of wrongful-act evidence that is extrinsic to the charged offense . . . ." *United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir. 2010). It does not apply to intrinsic evidence. *Id.*; *see also United States v. Beltz*, 385 F.3d 1158, 1162 (8th Cir. 2004) ("Evidence that is relevant to the crime charged is not other crimes evidence."). "Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred." *Ruiz-Chavez*, 612 F.3d at 988 (quotation omitted).

Rule 404(b) does not require that the Government "disclose directly or indirectly the names and addresses of its witnesses, something it is currently not required to do under [Fed. R. Crim. P.] 16." Fed. R. Evid. 404(b) advisory committee's notes, 1991 Amendments; *see Polk*, 715 F.3d at 249; *Hamilton*, 452 F.2d at 479; *see also United States*

7

*v. Miller*, 698 F.3d 699, 704 (8th Cir. 2012) ("In 1975, Congress amended Rule 16 to eliminate a requirement that the government disclose its witnesses prior to trial.").

The Court finds that the Government's proposal that Rule 404(b) evidence be disclosed and noticed no later than two weeks before trial is reasonable. As such, no later than two weeks prior to trial, the Government shall provide reasonable written notice of all "extrinsic" evidence then known to the Government that the Government intends to offer within the purview of Rule 404(b), "articulat[ing] the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B). Defendant's motion is otherwise denied. If the Government subsequently discovers additional extrinsic evidence, it shall provide reasonable notice of such evidence as soon as practicable after such discovery. *See* Fed. R. Evid. 404(b)(3)(C).

6. Defendant's Motion for Disclosure of Wiretaps and Electronic Surveillance, ECF No. 44, is **DENIED AS MOOT**. Defendant requests that the Government "disclose the existence of [any] and all evidence obtained from any wiretaps or other electronic surveillance or interception of communications, including but not limited to telephone taps, pen registers, and trap and traces." ECF No. 44. The Government asserts that "[t]he investigation of this matter did not involve the use of a wiretap. Nor is the Government aware of any electronic surveillance measures that were employed." Gov't's Omnibus Resp. at 4. The Government made the same statements at the hearing. *See* Tr. 19:23-20:4. Accordingly, Defendant's motion is moot.

7. Defendant's Motion for Discovery, ECF No. 45, is **GRANTED IN PART** and **DENIED IN PART**. Defendant generally seeks materials subject to disclosure under

8

Rule 16(a)(1)(A) through (G) of the Federal Rules of Criminal Procedure, as well as an order for continuing disclosure.

The Government states that it has already complied with Rule 16 and has made available additional discovery not required by law. Gov't's Resp. at 4. The Government states that "[t]o the extent the items requested fall within the purview of Federal Rule of Criminal Procedure 12(b)(3)(C) or 16(a)(1)(A)-(F), the Government has complied with its obligations and will continue to do so." Gov't's Omnibus Resp. at 4. The Government does "object to any discovery order which exceeds the requirements of Rule 16." Gov't's Resp. at 4.

Defendant's motion is granted in part to the extent his discovery requests seek responsive information subject to disclosure under Rule 16(a)(1)(A) though (F) that remains in the Government's control and has not yet been produced. Defendant's motion is further granted in part to the extent his discovery requests seek discovery and disclosures ordered produced elsewhere in this Order or that the Government is otherwise obligated to disclose by law. *See, e.g.*, *supra* ¶ 2. Defendant's discovery requests are denied in all other respects. *See Johnson*, 228 F.3d at 924 ("Criminal defendants do not have a general constitutional right to discovery.") *See also, e.g.*, *supra* ¶¶ 2, 5. Except as otherwise set forth in this Order, the Government shall produce the discovery ordered herein as soon as practicable.

And, while the Court has no reason to doubt that the Government will honor its continuing disclosure obligations under Rule 16(c), any responsive information or material subject to disclosure that subsequently comes into the Government's possession,

knowledge, or control shall be produced in a timely fashion.

8.      Defendant's Motion to Retain Rough Notes, ECF No. 46, is **GRANTED**. Defendant requests that the Court order "any law enforcement agent, including any confidential reliable informants, to retain and preserve all rough notes taken as a part of their investigation, whether or not the contents of such rough notes are incorporated in official records." ECF No. 46 at 1. The Government states that it "does not object to an order requiring law enforcement officials to retain and preserve any substantive 'rough notes' that relate to this investigation," Gov't's Resp. at 4, and that it "has already instructed its agents to preserve their notes," Gov't's Omnibus Resp. at 5.

Defendant's request for the retention and preservation of all rough notes is granted. To the extent it has not already done so, the Government shall direct its agents to preserve any rough notes pertaining to this matter.

9.      Defendant's Pro Se Motion for Court Reporters Digital Audio Recordings, ECF No. 107, is **DENIED**. Defendant requests the audio recording from the March 18, 2022, motions hearing. ECF No. 107 at 1. Defendant states that "[t]here seemed to be some missing transcription in the paper copy that [he] received." *Id*. At the hearing on April 26, 2022, Defendant stated that he noticed that there were a few things in the transcript that were not recorded correctly. Defendant noted, for example, that he remembers that he asked to "rewind" the tape, but the transcript stated that he said, "remind." The Government objects to Defendant's request, arguing that pointing out a typo in the transcript is insufficient for Defendant to be given the audio recording of the hearing.

Under 28 U.S.C. § 753(b), "[t]he transcript in any case certified by the reporter . . . shall be deemed prima facie a correct statement of the testimony taken and proceedings had." "Where an official transcript exists, a defendant is not entitled to anything other than that transcript." *United States v. Andrews*, No. 18-cr-149 (SRN/DTS), 2019 WL 1923108, at *3 (D. Minn. Apr. 30, 2019) (citing 28 U.S.C. § 753(b); *United States v. Evans*, No. 15-cr-16 (ADM/LIB), 2016 WL 4926423, at *1 (D. Minn. Sept. 15, 2016) ("Even in courtrooms where 'electronic sound recording' is used to record court proceedings, parties requesting a copy of the record only have the right to receive a transcribed version of the proceedings." (citation omitted)).  Thus, to the extent that any such recording exists, Defendant is not entitled to receive it.

Moreover, even assuming there was some legal authority that would allow Defendant to receive such a recording, this Court finds that the one example Defendant provided in support of his motion is insufficient to overcome the presumption of correctness the transcript is afforded by 28 U.S.C. § 753(b).  Defendant relies on his memory of what was said at the hearing in his assertion that the transcript contains an error. *See Evans*, 2016 WL 4926423, at *1 ("the alleged error or omissions are merely instances where [Defendant's] recollection of what was said at [the hearing] disagrees with what is memorialized in the transcript.").  Further, even assuming that there was an error in the transcript and that Defendant said "rewind" instead of "remind," that is not the kind of material error that would concern this Court with the need to correct or modify the record. *See, e.g.,* Fed. R. App. P. 10(e)(2) ("If anything *material* to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected

11

. . . .") (emphasis added).  Defendant has not asserted how any omissions or misstatements in the transcript are material and "that must be corrected for him to receive a fair trial." *See Andrews*, 2019 WL 1923108, at *3.  Accordingly, Defendant's motion for the audio recording of the March 18, 2022, hearing is denied.

      10.     Defendant's Pro Se Motion to Add Exhibits, ECF No. 116, is **GRANTED**. The Court heard arguments on Defendant's Motion to Suppress Evidence Obtained by Search and Seizure, ECF No. 47, at the motions hearing on March 18, 2022.  ECF No. 100. On April 25, 2022, Defendant requested permission to add exhibits in support of his motion to suppress.  ECF No. 116 at 1.  Specifically, Defendant moved to admit the following exhibits:

        a.     Exhibit 7: Deputy Ben Fischer's body worn camera;

        b.     Exhibit 8: Deputy Nathan Arcand's rear squad camera; and

        c.     Exhibits 9 through 13: plat/land-related documents.

Exhibits 7 and 8 were provided to the Court through Defendant's standby counsel.  Exhibits 9 through 13 were filed by Defendant with a memorandum in support of his motion to suppress.  *See* ECF No. 115-1.  At the hearing on April 26, 2022, the Government noted that it had no objection to the Court receiving Exhibits 7 and 8.  The Government had not seen Exhibits 9 through 13 so it could not speak to their source or authenticity, but noted that the documents were untimely.  In its post-hearing briefing, the Government again focuses on the fact that the exhibits were untimely and the fact that they were not subject to cross-examination.  *See generally* Gov't's Post-Hearing Mem. in Opp., ECF No. 122. Notwithstanding any alleged defects in timeliness, authenticity, or availability for cross-

examination, the Court will consider the exhibits in connection with Defendant's motion.

11.    All prior consistent orders remain in full force and effect.

12.    Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.

Date: June __6__, 2022                                    *s/Tony N. Leung*
                                                                           Tony N. Leung
                                                                           United States Magistrate Judge
                                                                           District of Minnesota

                                                                           *United States v. Thomas*
                                                                           Case No. 21-cr-93 (JRT/TNL)