UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-93 (JRT/TNL)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ROBBIN ALLEN THOMAS,

        Defendant.

**PLEA AGREEMENT AND
SENTENCING STIPULATIONS**

The United States of America and Robbin Allen Thomas (hereinafter referred to as "Defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only Defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges**. Defendant agrees to plead guilty to Count 1 of the Indictment, which charges Possession with Intent To Distribute a Controlled Substance, specifically, 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). In exchange, the United States agrees not to charge the Defendant with any other offenses related to the conducted described herein, including (but not limited to) 18 U.S.C. § 924(c).

1

2.    **Factual Basis**.  Defendant agrees to the following facts and further agrees that, were this matter to go to trial, the United States would prove the following facts beyond a reasonable doubt.

On or about February 19, 2021, in Anoka County, Minnesota, law enforcement conducted a traffic stop on Defendant's vehicle, of which he was the driver and sole occupant.  The vehicle was ultimately searched, recovering a total of approximately 3.1 kilograms of a mixture and substance containing methamphetamine from the passenger compartment.  In addition, tucked next to the driver's seat, officers recovered a Bersa BP9CC nine-millimeter handgun (serial # E58801).  Shortly thereafter, officers searched Defendant's residence, and recovered another approximately 444 grams of a mixture and substance containing methamphetamine from Defendant's bedroom.  Defendant's DNA was recovered from some of the drug packaging from both the vehicle and the bedroom. Defendant agrees that he was knowingly in possession of all the methamphetamine described above, and that he intended to further distribute it.

Defendant also agrees that the Government could prove that most of the methamphetamine seized on February 19, 2021 has been tested for purity in a laboratory, and that at least 2.77 kilograms of it was actual/pure methamphetamine.

Defendant was released from custody following the February 19, 2021 incident but was pulled over in Wright County, Minnesota on or about March 5, 2021.  Approximately 1.35 kilograms of a mixture and substance containing methamphetamine was located in the

trunk of Defendant's vehicle. Defendant agrees that he was knowingly in possession of this methamphetamine, and that he intended to further distribute it.

By pleading guilty, Defendant agrees that his relevant conduct in this case includes his possession with intent to distribute approximately 4.9 kilograms of a mixture and substance containing methamphetamine, of which at least 2.77 kilograms was pure methamphetamine. In doing so, Defendant acted knowingly and intentionally, and with the understanding that his actions violated the law.

3. **Waiver of Trial and Pretrial Motions.** Defendant understands and agrees that Defendant has certain rights to file pre-trial motions in this case. In fact, Defendant has filed numerous pretrial motions. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, Defendant knowingly, willingly, and voluntarily gives up the right to file pre-trial motions in this case, and agrees to withdraw any motions currently on file. Defendant also expressly waives his right to appeal or further litigate any of the issues he raised in his pretrial motions. Defendant understands that as part of pleading guilty, he waives all rights to a trial or appeal on the question of his guilt.

4. **Statutory Penalties**. The parties agree that Count 1 of the Indictment carries the following statutory penalties:

        a.     a mandatory minimum sentence of 10 years imprisonment;

        b.     a maximum term of life imprisonment;

        c.     a supervised release term of at least 5 years and up to life;

3

d.      a fine of up to $10,000,000; and

e.      a mandatory special assessment of $100.

**5.      Revocation of Supervised Release**.   Defendant understands that if Defendant were to violate any condition of supervised release, Defendant could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

**6.      Guideline Calculations**.   The parties acknowledge that Defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq*.   Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing.   The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guideline calculations:

a.      Base Offense Level. Based on the total seizure of approximately 4.9 kilograms of a mixture and substance containing methamphetamine, of which lab analysis has shown at least 2.77 kilograms to be actual/pure methamphetamine, the Parties agree that the base offense level is **36**.  *See* U.S.S.G. § 2D1.1.

b.      Specific Offense Characteristics. The parties **disagree** whether the 2-level enhancement for possession of a firearm pursuant to U.S.S.G. § 2D1.1(b)(1) applies.   The Government believes the enhancement applies, while Defendant believes it does not.

The parties agree that no other specific offense characteristics apply in this case.

c.      Acceptance of Responsibility. The Government agrees to recommend that Defendant receive a **3-level reduction** for acceptance of responsibility and to make any appropriate motions with the Court. However,   Defendant   understands   and   agrees   that   this

4

recommendation is conditioned upon the following: (i) Defendant testifies truthfully during the change of plea and sentencing hearings, (ii) Defendant provides complete and truthful information to the Probation Office in the pre-sentence investigation, and (iii) Defendant commits no further acts inconsistent with acceptance of responsibility. U.S.S.G. §3E1.1.

The parties agree that other than as provided for herein no other Chapter 3 adjustments apply.

**Depending on whether U.S.S.G. § 2D1.1(b)(1)'s enhancement applies, Defendant's total adjusted offense level is either 35 or 33**.

d.   Criminal History Category. Based on information available at this time, the parties believe that Defendant's **criminal history category is I**. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. Defendant's actual criminal history and related status (which might impact Defendant's adjusted offense level) will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. If Defendant's criminal history category is different than I, that it will not provide Defendant with a basis to withdraw Defendant's plea of guilty.

e.   Guideline Range. If the total offense level is **35**, and the criminal history category is **I**, the Sentencing Guidelines range will be **168 to 210 months'** imprisonment. If the total offense level is **33**, and the criminal history category is **I**, the Sentencing Guidelines range will be **135 to 168 months' imprisonment**.

**In any event, the parties agree that there is a statutory mandatory minimum of 120 months' imprisonment.**

f.   Fine Range. If the total offense level is **35,** the fine range is **$40,000 to $10,000,000**. If the total offense level is **33**, the fine range is **$35,000 to $10,000,000**. U.S.S.G. § 5E1.2(c)(3)-(4).

g.   Supervised Release. The Sentencing Guidelines recommend a term of supervised release of between two and five years. U.S.S.G. § 5D1.2(a)(1). Pursuant to 21 U.S.C. § 841(b)(1)(A), however, the minimum term of supervised release is **five years**. U.S.S.G. § 5D1.2(c).

7.    **Sentencing Recommendations and Related Agreements.**   The parties reserve the right to make a motion for a variance and/or departure(s) from the applicable Guidelines range and to oppose any such motion made by the opposing party. They also reserve the right to argue for a sentence outside the applicable Guidelines range.   The parties agree as follows.

Defendant reserves the right to, at sentencing, challenge whether U.S.S.G. § 2D1.1(b)(1)'s enhancement for possession of a firearm applies.   However, Defendant agrees and consents to the record established at the hearing before Magistrate Judge Leung on March 11, 2022, serving as the record to decide the issue of the enhancement's application. Defendant may attempt to supplement this record, and the Government may oppose the same, but Defendant will not object to use of the March 11 record. Furthermore, if the enhancement is applied, Defendant waives his right to appeal that application.

Provided Defendant does not commit any acts inconsistent with acceptance of responsibility from the signing of this agreement to the time of his sentencing, as determined in the sole discretion of the United States, the Government agrees that it will not seek a term of imprisonment greater than 180 months.

Defendant is aware that there are pending charges against him in Wright County, Minnesota, related to the conduct described herein. Defendant understands that Wright County is not party to this agreement and thus not bound by its terms. Most significantly, Defendant understands that by pleading guilty in this matter, it does not resolve the charges pending against him in Wright County. The Government agrees that, so long as Defendant

6

does not engage in any conduct inconsistent with his acceptance of responsibility (as determined in the Government's sole discretion) between the signing of this agreement and his sentencing, it will inform Wright County of Defendant's guilty plea and ask that the related state charges against him be dismissed. However, the Government cannot and does not guarantee that Wright County will honor this request and Defendant understands the same.

8. **Discretion of the Court**. The foregoing stipulations and agreements are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court may make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines range. If the Court determines that the applicable Guideline calculations or Defendant's criminal history category are different from that stated above, the parties may not withdraw from this agreement, and Defendant will be sentenced pursuant to the Court's determinations.

9. **Special Assessment**. The Guidelines require payment of a special assessment in the amount of $100.00 for each felony count of which Defendant is convicted. U.S.S.G. § 5E1.3. Defendant agrees to pay the special assessment at the time of sentencing.

10. **Forfeiture**. Defendant agrees to forfeit to the United States, pursuant to Title 21, United States Code, Section 853(a)(1) and (2), any property constituting, or derived

7

from, any proceeds obtained, directly or indirectly, as a result of such offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of that offense, including but not limited to a Bersa BP9CC nine millimeter handgun (serial # E58801) seized from Defendant's vehicle on or about February 19, 2021.

Defendant agrees that the United States may, at its option, forfeit such property through civil, criminal or administrative proceedings, waives any deadline or statute of limitations for the initiation of any such proceedings, and abandons any interest he may have in such property. Defendant withdraws any claim or petition he has filed with respect to such property and waives all statutory and constitutional defenses to its forfeiture. Defendant further agrees that state or local authorities may forfeit the above-referenced property.

Defendant also agrees that the United States may forfeit any and all other property subject to forfeiture as a result of Defendant's plea by any means provided by law.

11.   **Waiver of Appeal and Collateral Attack.**  Defendant understands that by pleading guilty, he waives all rights to a trial or appeal on the question of guilt or innocence. Defendant further agrees that by pleading guilty, he is waiving any right to appeal the issues raised in his pretrial motions. Defendant understands that 18 U.S.C. § 3742 affords Defendant the right to appeal the sentence imposed in this case. Acknowledging this right, and in exchange for the concessions made by the United States in this plea agreement, Defendant hereby waives all rights conferred by 18 U.S.C. § 3742 to appeal his sentence, unless the Court sentences him to a term of imprisonment of greater than 180 months. The

United States agrees it waives its right to appeal unless the sentence is less than 120 months. Additionally, Defendant expressly waives the right to petition under 28 U.S.C. § 2255. However, the waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel. Defendant has discussed these rights with his standby attorney, understands the rights being waived, and waives these rights knowingly, intelligently, and voluntarily.

    **12.**    **FOIA Requests**. Defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974. 5 U.S.C. §§ 552, 552A.

**13.** **Complete Agreement**. This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and Defendant. Defendant and his standby attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this agreement, to cause Defendant to plead guilty. Defendant voluntarily enters into this agreement with full understanding of its terms.

Date: 7|18|22

ANDREW M. LUGER
United States Attorney

BY: RUTH S. SHNIDER
ALEXANDER D. CHIQUOINE
Assistant U.S. Attorneys

Date:        07/18/2022

ROBBIN ALLEN THOMAS
Defendant – *pro se*

Date: 7/18/2022

STEVEN J. WRIGHT, ESQ.
Standby Counsel for Defendant

10